■ GEORGE R. BARKER, Respondent, v ROBERT P. TAMARIN, Appellant, et al., Defendant. [706 NYS2d 904] —In an action, *inter alia*, to recover damages for breach of a fiduciary duty, the defendant Robert T. Tamarin appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), entered April 27, 1999, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellant failed to establish a prima facie case of entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557). Thus, his motion was properly denied. Bracken, J. P., Ritter, Santucci and S. Miller, JJ., concur.

■ CAROLYN BEST, Appellant, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER, Respondent. [706 NYS2d 903] —In an action to recover damages for the negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated June 8, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing of entitlement to judgment as a matter of law. The plaintiff's conclusions and unsubstantiated allegations submitted in opposition thereto were insufficient to defeat the defendant's motion for summary judgment (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.